UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
98-00803-CR-PAS

UNITED STATES,

v.

ROBERTO ALONSO,

    Defendant.
_____/

ORDER DISMISSING DEFENDANT'S MOTION
UNDER FED. R. CIV. P. 60(b)

THIS MATTER is before the Court upon Defendant Roberto Alonso's Motion Under Fed. Rule 60(b) [DE 146]. The Government filed a Response in Opposition and the Defendant has filed a Reply [DE 148, 149]. The Court has carefully reviewed those filings and the pertinent portions of the record.

Because Defendant's motion, although brought under Rule 60(b), is in substance a second or successive habeas petition, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires him first to obtain authorization from the Eleventh Circuit Court of Appeals before this court may consider it. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, this Court lacks jurisdiction to consider Defendant's motion, and as more fully explained below, the Defendant's Motion Under Fed. Rule 60(b) must be dismissed.

I.    Background

Defendant Alonso filed the instant motion seeking to challenge his sentence that was initially imposed on November 19, 1999, following the entry of his guilty plea.[1] On October 26,

---

[1] Defendant failed to surrender to begin serving his sentence that was imposed on November 19, 1999. As a result, he did not begin to serve his sentence until August 26, 2016, when he was remanded after being extradited from Spain [DE 101, 115].

1998, Defendant was indicted in a six-count Indictment for crimes related to the importation of cocaine [DE 15]. In Count I, he was charged with conspiring to import cocaine in violation of 21 U.S.C. §§ 952(a) and 963. Count II charged Defendant with importing cocaine into the United States in violation of 21 U.S.C. § 952 (a) and 18 U.S.C. 2. Defendant was charged in Count III with conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Court IV charged Defendant with attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 814 (a) and 846. Finally, Count VI charged Defendant with using and carrying a firearm in relation to the drug trafficking crimes charged in Counts I, II, III and IV, in violation of 18 U.S.C. § 924(c)(1). Defendant pleaded guilty to Counts I and VI and was sentenced to fifty-two (52) months for Count I and sixty (60) months for Count VI, to run consecutive to Count I [DE 44, 91].[2] On August 30, 2017, Defendant's sentence was amended to 30 months' imprisonment as to Count I, to reflect an amendment to the guidelines and Defendant's substantial assistance [DE 124, 125]. The 60 month imprisonment sentence for Count VI remained unaltered [DE 125].

On August 6, 2018, Alonso filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 contending that he was not carrying a firearm when he attempted to complete the drug deal at issue [DE 135 at 5]. See also Case No. 18-23183-CIV-SEITZ.[3] On October 23, 2018, the Court adopted the Magistrate Judge's Report and Recommendation recommending that the Motion to Vacate be dismissed as untimely because it was filed more than a year after the Defendant's

---

[2] Due to a scrivener's error, the Judgment and Amended Judgment reflect that Defendant was convicted of the carrying and use of a firearm during a crime of violence, rather than during a drug trafficking crime. The Court intends to enter a Second Amended Judgment to accurately reflect the Defendant's conviction.

[3] References to Case No. 18-23183-CIV-SEITZ, which is the civil § 2255 action filed by Defendant, are designated [CV-DE __] and correspond to the docket sheet in that case.

conviction became final on December 6, 1999 [DE 144]. Alonso then filed a motion for "Miscarriage of Justice" in the § 2255 case. [CV-DE 8]. Interpreting this filing as a Motion for Reconsideration or a Motion to File a Successive § 2255 motion [CV-DE 9], the Court denied it stating that a motion for reconsideration cannot be used to re-litigate old matters, and to the extent that the Defendant was seeking to file a successive § 2255 petition, the Court lacked jurisdiction to entertain the motion. *Id.*

On September 16, 2019, Defendant filed an application for leave to file a second or successive motion to vacate with the Eleventh Circuit. *In re: Roberto Alonso*, Case No. 19-13613-H (11th Cir. 2019) premised on *United States v. Davis*, 139 S. Ct. 2319 (2019). *Id.* Specifically, Defendant argued that his § 924(c) conviction fell within *Davis*' scope because he was charged with possession of a firearm during a crime of violence—a firearm that he contends he possessed independently of his drug-trafficking offense because he had left it in the car, which was far away from where the drug-trafficking activity took place.[4] *Id.*

The Eleventh Circuit denied Defendant's request for permission to file a successive application holding that he could not make a prima facie showing that his § 924(c) conviction and sentence were unconstitutional under *Davis*. *Id.* Specifically, the appellate court held that Defendant could not demonstrate that he was entitled to relief because the sole predicate offense for his § 924(c) conviction in Count 6 was the drug-trafficking offense in Count 1, and *Davis* had no effect on § 924(c)(2)'s definition of a "drug-trafficking crime." *Id.* (citing 18 U.S.C. § 924(c)(2) (defining "drug trafficking crime" separately from "crime of violence"); *Davis*, 139 S. Ct. at 2321-25, 2336.

---

[4] In *Davis*, the Supreme Court ruled that the "residual clause" in § 924(c)(3)(B) was unconstitutionally vague. See *Davis*, 588 U.S. at ——, 139 S. Ct. at 2336.

This Motion followed. In it, Defendant, citing Rule 60(b), again asserts that his § 924(c) conviction is unconstitutional under *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019) [DE 146]. Specifically, Defendant claims that his § 924(c) conviction was predicated on § 924(c)(3)(B)'s invalidated residual clause. [DE 146 at 2].

II.     Analysis

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate his conviction or sentence if, among other things, they have been unconstitutionally obtained. 28 U.S.C. § 2255. However, AEDPA restricts a federal prisoner's ability to file a successive § 2255 motion, and requires a prisoner to obtain prior authorization from the appropriate court of appeals before filing such a motion. 28 U.S.C. § 2244(b)(3)(A). A district court lacks jurisdiction to consider an unauthorized second or successive petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

This "second or successive" § 2255 bar applies equally to § 2255 motions made under the guise of Rule 60(b). See *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004) (*en banc*), aff'd sub nom. *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). While the bar does not apply to "true" Rule 60(b) motions, which seek "relief on a traditional Rule 60(b) ground for relief from a prior judgment, it does apply to an unauthorized Rule 60(b) motion which is one that "seeks to add a new ground for [habeas] relief" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez*, 545 U.S. at 532, 125 S. Ct. at 2648. When a Rule 60(b) motion is a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA. *United States v. Saint Surin, supra*, 693 F. App'x 787 at 789.

4

Here, although the Motion cites Rule 60(b), the Defendant raises the same arguments that he raised before in his § 2255 Motion related to his conviction under § 924 (c)—namely, that his conviction was improperly predicated upon the residual clause of § 924, which was found to be unconstitutionally vague by the Supreme Court in *United States v. Davis*. Defendant even acknowledges that he sought authorization to file a second § 2255 Motion, and that the Eleventh Circuit determined that he was unable to make a prima facie showing to permit a successive filing on that basis [DE 146 at 2, 149 at 3]. Defendant nonetheless argues that by proceeding under Rule 60(b), he can establish a prima facie case for relief under *Davis*. However, this is the type of 60(b) Motion discussed in *Gonzalez* that "attacks the federal court's previous resolution of a claim on the merits" and thus requires authorization from the Eleventh Circuit before this Court may consider it. Because the Eleventh Circuit denied Defendant leave for this Court to consider this very claim, its filing is without such authorization. Thus, this Court lacks jurisdiction to consider the Motion and the Motion must be dismissed. Therefore, for the reasons discussed above, it is

**ORDERED** that:

Defendant Roberto Alonso's Motion Under Fed. Rule 60(b) [DE 146] is **DISMISSED.**

**DONE and ORDERED** in Miami, Florida, this 14th day of September, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE